RENDERED:  AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1001-MR

JAMES MALLORY                                            APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                     HONORABLE THOMAS D. WINGATE, JUDGE
                        ACTION NO. 24-CI-00022


COOKIE CREWS, COMMISSIONER
OF THE DEPARTMENT OF
CORRECTIONS; BRIAN
DICKERSON; AND SHAWN
MCKENZIE, WARDEN                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  James Mallory (Appellant), *pro se*, appeals from an order of the Franklin Circuit Court granting the motion of Cookie Crews, Commissioner of the Department of Corrections; Brian Dickerson; and Warden Shawn McKenzie (Appellees) to dismiss Appellant's action.  Appellant requests an

opinion reversing the order on appeal and remanding for an evidentiary hearing. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

At the time of the filing of the underlying action, Appellant was an inmate at the Little Sandy Correctional Complex (LSCC) in Sandy Hook, Kentucky. On January 10, 2024, Appellant, *pro se*, along with three other inmates not parties to this appeal, filed a pleading styled "Temporary Injunction Motion . . . Tampering with Private Communications" (ellipses in original) in Franklin Circuit Court. The pleading alleged in relevant part that Appellees were improperly tampering with Appellant's communications. He sought damages in the amount of $50,000.00.

The matter proceeded in Franklin Circuit Court, culminating in Appellees filing a motion to dismiss the action pursuant to Kentucky Rules of Civil Procedure (CR) 12.02. In support of their motion, Appellees argued that Appellant's action was improperly styled as seeking a temporary injunction when in fact it was a claim for money damages. Based on this, Appellees maintained that the circuit court lacked jurisdiction because Appellant failed to demonstrate that he exhausted all administrative remedies per Kentucky Revised Statutes (KRS) 454.415 prior to initiating the instant action.

After examining the record and the law, the Franklin Circuit Court entered an order dismissing Appellant's action. The court determined that Appellant's action addressed "conditions-of-confinement" issues as set out in KRS 454.415(1). It found that per KRS 454.415(1), an inmate who raises conditions-of-confinement issues is required to complete all administrative remedies before seeking redress in the circuit court. The court also found that KRS 454.415(3) required Appellant to append to his complaint any documents verifying that his administrative remedies were exhausted. The court noted that Appellant failed to provide any such proof, which deprived the court of jurisdiction. Based on its lack of jurisdiction in the matter, the circuit court granted Appellees' motion to dismiss Appellant's action. This appeal followed.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under CR 12.02 presents a question of law that is reviewed *de novo*. *Browne v. Poole*, 680 S.W.3d 810, 812 (Ky. 2023).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Franklin Circuit Court erred in dismissing his action. He alleges a pattern of bad conduct by Appellees spanning 16 months, which violated his constitutional rights. Appellant asserts that he has twice been unlawfully placed in segregation for fighting, when he was the victim in each

instance. He also maintains that the law library was improperly closed. Appellant asks for an evidentiary hearing within 20 days to address his grievances. Appellant's written argument does not address the Franklin Circuit Court's basis for dismissing his action, *i.e.*, Appellant's failure to provide proof that he exhausted his administrative remedies and the circuit court's resultant lack of jurisdiction.

KRS 454.415(1) states in relevant part that, "[n]o action shall be brought by . . . an inmate, with respect to . . . [a] conditions-of-confinement issue . . . until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted." The inmate is required to attach to any complaint the documents demonstrating that these administrative remedies are exhausted. KRS 454.415(3). The court shall dismiss any civil action brought by an inmate that is not in conformity with KRS 454.415(1) and (3). KRS 454.415(4).

When examining Appellant's action in light of KRS 454.415, the Franklin Circuit Court determined that it raised "conditions-of-confinement" issues. This conclusion is supported by the record, as Appellant's "motion" raised issues regarding the treatment he received while in confinement at LSCC. Thus, the circuit court properly applied KRS 454.415(1).

Having determined that Appellant raised conditions-of-confinement issues, the circuit court then concluded that Appellant was required to append to his pleading proof of exhaustion of his administrative remedies. This conclusion is supported by KRS 454.415(3), which expressly requires such proof. The record demonstrates that Appellant appended no documents verifying that he exhausted his administrative remedies as required by KRS 454.415(3).

Having determined that Appellant's action raised conditions-of-confinement issues and did not include proof that he exhausted his administrative remedies, the Franklin Circuit Court applied KRS 454.415(4) to dismiss Appellant's action. This dismissal was proper, as KRS 454.415(4) uses mandatory "shall" language requiring the court to dismiss an inmate's action that is not in conformity with KRS 454.415(1) and (3). The circuit court correctly characterized the dismissal as a jurisdictional issue. *See White v. Boards-Bey*, 426 S.W.3d 569, 573 (Ky. 2014).

## CONCLUSION

The Franklin Circuit Court correctly applied KRS 454.415 in concluding that Appellant raised conditions-of-confinement issues requiring documentation verifying that he exhausted his administrative remedies. Appellant's failure to provide such proof required the dismissal of his action. For

these reasons, we affirm the order of the Franklin Circuit Court granting

Appellees' motion to dismiss Appellant's action.


ALL CONCUR.


BRIEF FOR APPELLANT:

James Mallory, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEES:

Richard D. Lilly
Frankfort, Kentucky